UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **PARK CAPITAL ACQ LLC** | **CASE NO.  2:23-CV-00317** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **EVAN SWANSON ET AL** | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM RULING

Before the court is a Motion for Summary Judgment [doc. 22] filed by defendant Progressive Advanced Insurance Company ("Progressive"). Defendant Evan Swanson and plaintiff Park Capital ACQ LLC ("PCA") oppose the motion. Docs. 30, 34.

### I.
#### BACKGROUND

This suit arises from a motor vehicle accident that occurred in a hotel parking lot in Lake Charles, Louisiana, on May 1, 2022. On that date defendant Evan Swanson was operating a 26-foot Penske moving truck that he had rented. *See* doc. 22, att. 4 (rental agreement). He allegedly drove the truck into the brick-and-mortar awning over the hotel's vehicle pull-through area, causing substantial damage to the hotel structure, then left the property without disclosing the incident. Doc. 1, att. 3. When Mr. Swanson was finally contacted, he asked the hotel to deal with his auto insurer, Progressive. *Id.*

PCA, the owner of the hotel, filed suit against Swanson, Progressive, and Penske Truck Leasing Co., LP in the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana. In its complaint PCA alleged that Swanson's negligence was the sole cause of

the accident and that Progressive and Penske were both liable as his insurers. *Id.* Progressive now moves for summary judgment, arguing that its policy with Swanson does not afford coverage for the May 1 accident. Doc. 22. Swanson and PCA oppose the motion. Docs. 30, 34.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable

to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

### III.
### LAW & APPLICATION

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). Louisiana law provides that an insurance policy is a contract and that its provisions are construed using the general rules of contract interpretation in the Louisiana Civil Code. *Hanover Ins. Co. v. Superior Labor Svcs., Inc.*, 179 F.Supp.3d 656, 675 (E.D. La. 2016). The words of the policy are given their generally prevailing meaning and "interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole." *Coleman v. Sch. Bd. of Richland Par.*, 418 F.3d 511, 516–17 (5th Cir. 2005) (citing La. Civ. Code arts. 2047, 2050). Ambiguities in the policy must be construed against the insurer and in favor of coverage. *Id.* The court resolves an ambiguity by asking "how a reasonable insurance policy purchaser would construe the clause at the time the insurance contract was entered." *Id.*

Swanson is a named insured under the Progressive policy, which was in effect at the time of the accident and provides auto liability coverage. Doc. 22, att. 2. The definitions section contains the following:

"Auto" means a land motor vehicle:
a. of the private passenger, pickup body, or cargo van type;

> b. designed for operation principally upon public roads;
> c. with at least four wheels; and
> d. with a gross vehicle rating of 12,000 pounds or less, according to the manufacturer's specifications.
>
> However, "auto" does not include step-vans, parcel delivery vans, or cargo cutaway vans or other vans with cabs separate from the cargo area.

*Id.* at 7. After the accident Swanson sought coverage under his Progressive policy and the company denied same, citing the above definition. Doc. 22, att. 3. Progressive now moves for summary judgment based on this definition, asserting that it owes no coverage because the vehicle driven by Swanson at the time of the accident exceeded the weight limitation in the policy. According to the rental agreement, the loss vehicle was a 26-foot van with a gross weight of 25,999 pounds. Doc. 22, att. 4, p. 5.

Swanson does not dispute the vehicle weight but instead argues that the limitation is void under Louisiana law. Under Louisiana Revised Statute 22:1296, insurers are obligated to extend "any and all such insurance coverage in effect in the original policy" "to temporary substitute motor vehicles as defined in the applicable insurance policy and rental motor vehicles."[1] La. Rev. Stat. § 22:1296(A). The same chapter defines "vehicle" or "rental vehicle" as:

> a motor vehicle of the private passenger type including passenger vans, minivans, and sport utility vehicles, and of the cargo type including but not

---

[1] The relevant subsection states:
> Every approved insurance company, reciprocal or exchange, writing automobile liability, physical damage, or collision insurance, shall extend to temporary substitute motor vehicles as defined in the applicable insurance policy and rental motor vehicles any and all such insurance coverage in effect in the original policy or policies. Where an insured has coverage on a single or multiple vehicles, at least one of which has comprehensive and collision or liability insurance coverage, those coverages shall apply to the temporary substitute motor vehicle, as defined in the applicable insurance policy, or rental motor vehicle. Such insurance shall be primary. However, if other automobile insurance coverage or financial responsibility protection is purchased by the insured for the temporary substitute or rental motor vehicle, that coverage shall become primary. The coverage purchased by the insured shall not be considered a collateral source.

La. Rev. Stat. § 22:1296(A).

> limited to cargo vans, pickup trucks and trucks with a gross vehicle weight of less than twenty-six thousand pounds and which do not require the operator to possess a commercial driver's license.

La. Rev. Stat. 22:1762(9). Accordingly, Swanson maintains that the general weight limitation under the Progressive policy restricts coverage in contravention of Louisiana public policy.

Louisiana courts have rejected insurance policy provisions that limit the coverage guaranteed under § 22:1296. *See Johnson v. Allstate Prop. and Cas. Ins. Co.*, 338 So.3d 109 (La. Ct. App. 3d Cir. 2022) (mandating coverage for rental drivers who were insured under policy but not listed under rental agreement); (*State Farm Mut. Auto. Ins. Co. v. Safeway Ins. Co. of La.*, 205 So.3d 981 (La. Ct. App. 3d Cir. 2016) (invalidating policy's restrictions on substitute vehicle coverage); *Czop v. White*, 80 So.3d 1255 (La. Ct. App. 5th Cir. 2011) (voiding rental agreement's termination of insurance coverage when rental driver committed a traffic violation). However, the Louisiana Supreme Court has "repeatedly upheld the right of insurers to limit their liability where permitted by the legislature." *Landry v. Progressive Sec. Ins. Co.*, 347 So.3d 712, 720 (La. 2022) (collecting cases). No Louisiana case so far has dealt with conflicts between policy weight limits and the coverage mandated under § 22:196. Accordingly, the court must make an *Erie* guess.

"[W]hen the language of a statute is susceptible of different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law. When a statute is ambiguous . . . the letter must give way to the spirit of the law and the statute is construed to produce a reasonable result." *Reynolds v. U.S. Agencies Cas. Ins. Co.*, 942 So.2d 694, 696–97 (La. Ct. App. 2d Cir. 2006) (internal quotations omitted). Louisiana law

mandates that coverage as set forth in the original policy be extended to "rental vehicles," which are defined to include vehicles up to the weight of the Penske truck driven in this matter. The statute is thus ambiguous as to whether a policy may modify the definition of a vehicle. Here the original policy generally limits automobile liability coverage to vehicles of 12,000 pounds or less. The restriction is not specific to rental vehicles. All the same, the definition of "rental vehicle" under the statute represents the legislature's expectation that insurance coverage will be extended to rental of cargo vans like the one at issue here. These policies protect not only the policyholder but also the Louisiana property owner that suffered the loss. Therefore, the court cannot uphold an exclusion that directly contravenes the spirit of the law.

### IV.
### CONCLUSION

For the reasons stated above, the Motion for Summary Judgment [doc. 22] will be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 23rd day of June, 2023.

                                                **JAMES D. CAIN, JR.**
                                      **UNITED STATES DISTRICT JUDGE**